MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
ST. LOUIS CITY CIRCUIT CLERK

| | |
|---|---|
| MARY PITTS | Case No. |
| Plaintiff | Div. |
| v. | **JURY TRIAL DEMANDED** |
| SSM HEALTH SAINT LOUIS UNIVERSITY HOSPITAL | |
| **Serve at:** | |
| **Manager on Duty** **1201 S. Grand Blvd.,** **St. Louis, MO 63104** | |
| Defendant | |

## **PETITION**

COMES NOW Plaintiff Mary Pitts by and through her undersigned attorney, for her Petition states as follows:

1. Plaintiff Mary Pitts (Plaintiff Pitts") is a resident of St. Charles County.

2. Defendant SSM Health Saint Louis University Hospital ("Defendant SLU Hospital") is a hospital located in St Louis City.

3. Venue and subject matter jurisdiction are proper because the injury in question occurred in St. Louis City.

1

## Facts Applicable to All Counts

4. Plaintiff Pitts has been an employee of SLU Hospital since June 10, 2019 and has worked in healthcare for over 35 years. Her hourly wage at SLU Hospital was $17-23.

5. Overtime, Plaintiff Pitts began experiencing chronic and debilitating left knee pain.

6. Plaintiff Pitts underwent medical leave on or around November 17, 2021 for a total knee replacement.

7. On or around November 28, 2022, Plaintiff Pitts exhausted her FMLA, Extended Leave, or LOA as an accommodation.

8. On or around April 12, 2023, Pitts received the following email and letter from Human Resources Business Partner Rex Gould:

   *This letter is in follow up to the Leave Exhaustion notice sent on November 28, 2022 from Rex Gould-Human Resources Partner, which notified you that you had exhausted the available leave options (FMLA, Extended Leave, or LOA as an Accommodation) and asking you contact Human Resources no later than December 05, 2022 to discuss your employment status. You have not returned to work, nor have you contacted your Leader or Human Resources to provide an update regarding your return -to-work status. The Leave Exhaustion notice informed you that your job was no longer protected beyond the date of exhaustion, November 15, 2022. Notedly, as of April 12, 2023, you are not on an approved leave of absence, nor have you returned to work or contacted Human Resources or your leader. Your employment with SSM Saint Louis University Hospital will be terminated effective immediately.*

*See* Exhibit 1, Rex Gould Letter – April 12, 2023.

9. On June 2, 2023, a subsequent email and letter from Gould was sent to Pitts, indicating that the April 12, 2023 correspondence was in error. However, she was informed that she needed to contact Gould by June 9, 2023 to discuss her employment status and to provide contact information for the person(s) with whom she was working with regarding leave of absence approval. *See* Exhibit 2, Rex Gould Email – June 2, 2023.

10. Pitts did provide him the following documentation via email on or around June 2, 2023 and via certified mail on or around June 5, 2023. *See* Exhibit 3, Documentation Submitted.

11. Furthermore, Pitts sent over two medical provider confirmation letters signed by Amy M. Buck, NP on June 9, 2023 and July 6, 2023. Both letters stated the following:

    *Mary Veronica Pitts was seen by AMY M. BUCK, NP at HSHS MEDICAL GROUP FAMILY AND SPORTS MEDICINE – O'FALLON . . . to discuss her chronic health issues and including her chronic left knee pain. I am working with her to rectify her situation related to her chronic knee pain and decreased mobility. This includes more intense physical therapy, and seeing an orthopedic at Washington University Hospital. I do not expect her to return to work while we are working on the above. I will see her back in the clinic in August to further evaluate her progress and develop a further plan.*

*See* Exhibit 4, Amy M. Buck Letters.

12. Shortly after June 9, 2023, Plaintiff Pitts followed up via phone call or email multiple times to confirm whether Gould received her

3

documentation. Pitts also hand-delivered the documents to Gould as well.

13. On July 21, 2023, Plaintiff Pitts received the following email from Rex Gould:

   *As you have been previously informed, all of your available leave options were exhausted effective November 15, 2022, as such, your employment was not protected beyond that date. On or about June 09, 2023, you were asked to provide complete contact information for any individuals who could provide information regarding work restrictions that may be required for your return to work. To date you have not provided the requested complete contact information. Therefore, your employment with SSM Saint Louis University Hospital is being terminated effective July 19, 2023.*

*See* Exhibit 5, Rex Gould Letter, July 21, 2023.

14. Plaintiff Pitts dual filed her Charge of Discrimination with the Missouri Commission on Human Rights (MCHR) and the Equal Employment Opportunity Commission (EEOC) on January 16, 2024. *See* Exhibit 6, Charge of Discrimination

15. Plaintiff Pitts obtained the Right to Sue on January 21, 2025. *See* Exhibit 7, Right to Sue Letter.

**COUNT I – AMERICAN'S WITH DISABILITIES ACT (ADA) DISABILITY DISCRIMINATION: WRONGFUL TERMINATION**

COMES NOW Plaintiff Pitts, and for her claim of disability discrimination against Defendant SLU Hospital, states as follows:

16. Plaintiff Pitts adopts and reincorporates the above paragraphs as though fully set forth herein.

4

17. Plaintiff Pitts, is a member of a protected class on the basis of her disability.

18. Plaintiff Pitts is an individual with a physical or mental impairment that substantially limits one or more of that person's major life activities, an individual who has a record of such an impairment, or an individual who is regarded as having such an impairment.

19. Plaintiff Pitts is a qualified individual under the ADA.

20. Defendant SLU Hospital received Plaintiff Pitts' work restrictions and refused to accommodate Plaintiff's disability by terminating her employment.

21. Plaintiff Pitts suffered an adverse employment action by Defendant SLU Hospital because of her disability.

22. As a direct and proximate result of Defendant SLU Hospital's actions and/or omissions, Plaintiff Pitts has been, and continues to be, deprived of monetary and non-monetary benefits.

23. As a direct and proximate result of Defendant SLU Hospital's actions and/or omissions, Plaintiff Pitts has suffered, and continues to suffer emotional distress and other non-medical bill-related compensatory damages.

WHEREFORE Plaintiff Pitts requests humbly that the Court enter judgment in her favor in excess of $25,000.00, and set the case for trial by jury to assess compensatory damages arising from the discriminatory conduct of Defendant SLU

5

Hospital for attorney's fees and for any other relief as may be just and proper under the circumstances.

Respectfully submitted,

**OTT LAW FIRM**

*/s/ Mark Edward Blankenship Jr.*
Joseph A. Ott, #67889
Mark E. Blankenship Jr., #73123
3544 Oxford Blvd
Maplewood, MO 63143
Telephone:  (314) 293-3756
Facsimile:   (314) 689-0080
joe@ott.law
mark@ott.law
*Attorneys for Plaintiff*

6